IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEWARA DILLARD, § <br> KIMBERLY HORNER-DILLARD, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> MORTGAGE ELECTRONIC § <br> REGISTRATION SYSTEMS, INC., *et al.*, § <br> § <br> Defendants. § | Civil Action No. 3:10-CV-0091-N |

## **ORDER**

This Order addresses Defendants Mortgage Electronic Registration Systems, Inc., ("MERS"), U.S. Bank, N.A., as Trustee for JP Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2, ("U.S. Bank"), and Chase Home Finance, LLC's, ("Chase") motion to dismiss [13]. Because the Plaintiffs (collectively, the "Dillards") fail to state claims for relief, the Court grants the motion and dismisses the Dillards' claims with prejudice.

### I. ORIGINS OF THE DILLARDS' EFFORT TO HALT FORECLOSURE

This case arises out of the Dillards' attempts to stop deed of trust foreclosure proceedings initiated by the Defendants against the Dillards' residence in DeSoto, Texas. The Court previously dismissed the Dillards' original complaint asserting claims under various provisions of Texas law. *See* Order of Apr. 16, 2010 [7]. The Court, however, granted the Dillards leave to refile an amended complaint. In their amended complaint, the

Dillards bring claims under various federal statutes and broadly allege that the Defendants improperly serviced their mortgage, incorrectly reported credit information, engaged in impermissible methods of debt collection, and failed to respond to the Dillards' request to produce certain documents or an original note or deed of trust.  *See* First Am. Compl. [11]. The amended complaint also contained a request for injunctive relief, which the Court denied.  *See* Order of June 2, 2010 [12].  The Defendants again move to dismiss under Rule 12(b)(6).

## II. RULE 12(b)(6) STANDARD

When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face," i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.  at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. (internal citations omitted).  In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings, accepting as true all well-

pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

### III. THE DILLARDS FAIL TO STATE CLAIMS FOR RELIEF

The Dillards assert a total of eleven separate claims for violations of the Federal Trade Commission Act ("FTC Act"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Real Estate Settlement Procedures Act ("RESPA"). The Court concludes that the Dillards cannot sustain claims under any of these provisions.

#### *A. The Dillards Cannot Assert Claims Under the Federal Trade Commission Act*

The first five counts of the Dillards' complaint allege various violations of the FTC Act, 15 U.S.C. §§ 41-58, specifically section 5(a). *See* First Am. Compl. at 9-12; 15 U.S.C. § 45(a). Courts, however, have long held that the FTC Act does not contain a private right of action. *See, e.g.*, *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978) (citing *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988-89 (D.C. Cir. 1973) ("The Act nowhere purports to confer upon private individuals . . . a right of action to enjoin the practices prohibited by the Act or to obtain damages following the commission of such acts."); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) ("The [FTC Act] provide[s] [plaintiffs] with no direct remedy, either explicitly or implicitly. This conclusion is supported by solid authority of long standing.") (collecting cases)); *see also FTC v. Owens-Corning Fiberglass Corp.*, 853 F.2d 458 (6th Cir. 1988) (citing *Alfred Dunhill, Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974)). Accordingly, the Court dismisses all of the Dillards'

claims brought under the FTC Act, including tie-in claims asserted under the FDCPA and the FCRA.

### B. The Fair Debt Collection Practices Act Does Not Apply to the Defendants

In the next three counts,[1] the Dillards assert claims alleging that the Defendants violated various sections of the FDCPA. 15 U.S.C. §§ 1692-1692p. The FDCPA applies to "debt collectors," defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "[A] debt collector," however, "does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *reh'g granted in part on other grounds*, 761 F.2d 237 (5th Cir. 1985); *see also* 15 U.S.C. § 1692a(6)(F); *Wiggins v. Wells Fargo & Co.*, 2010 WL 342246, at *3 (N.D. Tex. 2010) (Godbey, J., adopting findings and recommendation of Kaplan, Mag. J.) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007)); *Marketic v. U.S. Bank, Nat'l Ass'n*, 436 F. Supp. 2d 842, 854 (N.D. Tex. 2006) (Buchmeyer, J.) (finding that the FDCPA did not apply to U.S. Bank because "'[its] principal business activity is not debt collection.'" (alterations in original)).

---

[1] The Dillards' complaint contains two sections titled "Count V," one asserting a claim under the FTC Act and the other under the FDCPA. First Am. Compl. at 12.

The Defendants do not constitute debt collectors under the FDCPA. The Dillards have pled no FDCPA-related facts implicating MERS, and U.S. Bank and Chase both fall within the FDCPA's exception for creditors, mortgage servicers, and assignees of nondefaulted debts. Although the Dillards conclusorily allege that the Defendants acquired rights to the mortgage after it was already in default, the Defendants contend that Chase obtained servicing rights only two months after the loan originated in 2006. Mot. to Dismiss at 14. The Dillards plead no contradictory facts, and their original state court petition suggests that default did not occur until sometime in 2009. *See* Pls.' Original Pet. Ex. D [1-2]. Even if the Court were to find the exception inapplicable, the Dillards still fail to show that U.S. Bank and Chase regularly engage in collecting third party debts or "in the process of collecting [their] own debts, use[] any name other than [their] own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Thus, the Court dismisses the Dillards' FDCPA-related claims.

### *C. The Fair Credit Reporting Act Provides the Dillards No Private Right of Action*

The Dillards next bring three claims alleging the Defendants violated various provisions of section 623(a) of the FCRA. *See* 15 U.S.C. § 1681s-2(a). The parts of the FCRA under which the Dillards bring their claims, however, do not provide a private right of action. 15 U.S.C. § 1681s-2(d); *see, e.g.*, *Davis v. World Fin. Network Nat'l Bank*, 2009 WL 4059202, at *3 (N.D. Tex. 2009) (Godbey, J., adopting findings and recommendation of Stickney, Mag. J.) ("No private right of action exists under § 1681[s]-2(a) which requires that furnishers provide 'accurate information' to credit reporting agencies and prohibits them

from reporting inaccurate information."); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002); *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 428-27 (S.D.N.Y. 2010). Accordingly, the Court dismisses the Dillards' FCRA-related claims.

### *D. The Dillards Fail to State a Claim Under the Real Estate Settlement Practices Act*

The Dillards bring their final claim under RESPA, 12 U.S.C. §§ 2601-2617, alleging that the Defendants failed to timely post payments, apply payments to principal, interest, insurance premiums, and property taxes, and "timely and adequately acknowledge, investigate and respond to consumers' qualified written request for information about the servicing of their loans and escrow accounts." First. Am. Compl. at 16. Although RESPA primarily applies to settlement practices, *see* 12 U.S.C. § 2601, it does contain limited provisions concerning mortgage servicing. *See* 12 U.S.C. § 2605. Liberally construed, the Dillards' complaint implicates the RESPA provisions applicable to the treatment of loan payments during transfer, 12 U.S.C. § 2605(d), the duty of loan servicers to respond to borrowers' "qualified written requests," 12 U.S.C. § 2605(e), and loan servicers' administration of borrowers' escrow accounts. 12 U.S.C. § 2605(g).

The Dillards fail to state their RESPA claims sufficiently. As an initial matter, the complaint lacks any factual allegations showing that either MERS or U.S. Bank act as "servicers" or engage in "servicing" under RESPA. 12 U.S.C. § 2605(i)(2)-(3). The Dillards factual allegations concerning MERS and U.S. Bank appear limited to the Dillards' assertion that the Defendants failed to produce certain documents as requested. *Id.* at 8. But, the complaint explicitly references MERS only in naming it as a defendant and identifying its

registered agent. And, although the Dillards identify U.S. Bank as their lender, they name only Chase as the mortgage's "servicer." First Am. Compl. at 3. Indeed, the complaint's fact section focuses almost exclusively on Chase. Thus, the Dillards fail to state sufficiently facts showing that MERS and U.S. Bank fall within RESPA's ambit.

The Dillards' RESPA claims against Chase fare no better. Chase admits that it services the Dillards' mortgage, Mot. to Dismiss at 14, potentially making Chase subject to RESPA liability. The Dillards' factual allegations against Chase, however, fall short in two ways. First, in regards to their claims under sections 2605(d) and 2605(g), the Dillards factual allegations do not rise above the speculative level. The bulk of the Dillards' facts generically discuss certain alleged servicing practices, such as posting timely-made payments well after they have been received, that result in Chase improperly collecting myriad fees and penalties. Nowhere, however, do the Dillards connect these practices to the sixty day transfer period when Chase obtained servicing rights to their mortgage. *See* 12 U.S.C. § 2605(d). The Dillards do claim that Chase fails to timely make payments from escrow, but they conclusorily state these facts and generically discuss the consequences to borrowers generally when servicers make late payments. First Am. Compl. at 8. The Dillards never link any of these generic facts to their specific case, rendering their escrow-related RESPA claims merely speculative. *See* 12 U.S.C. § 2605(g); *Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Iqbal*, 129 S. Ct. at 1950 ("[A] court considering a motion to dismiss can choose

to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").

Second, the Dillards fail to state facts demonstrating that Chase refused to respond to a "qualified written request." 15 U.S.C. § 2605(e). RESPA obligates servicers to respond to borrowers' "qualified written request[s] . . . for information relating to the servicing of [their] loan[s]." 12 U.S.C. § 2605(e)(1)(A). RESPA defines "qualified written request" as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that . . . includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Additionally, for the purposes of section 2605, RESPA provides that "the term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . , and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). Essentially, then, a qualified written request under RESPA points out errors in or seeks information related to a servicer's handling of payments.

The Dillards qualified written request claims, however, contain little more than a conclusory statement of facts superficially giving rise to a cause of action under section 2605(e). The Dillards allege that "in many instances," First Am. Compl. at 8, Chase has failed to "[t]imely and adequately acknowledge, investigate and respond to consumers'

qualified written requests for information about the servicing of their loans and escrow accounts." *Id.* at 16. But, the only one of these alleged instances that the Dillards describe with any specificity does not constitute a qualified written request under RESPA because, as set forth in the complaint, it does not attempt to show errors in or seek information concerning Chase's alleged mishandling of the Dillards' mortgage and escrow payments. Rather, the Dillards demand "that the defendants produce certified copies of any and all transfer documents showing all of the transfers and assignments of the Original Deed of Trust and the Original Note" as well as actually "produce the Original Note and Original Title. . . . in order to verify that the Defendants are in fact the 'holders' of the note as required under Texas Law." *Id.* at 8.[2] This request does not relate to Chase's "servicing" of the Dillards' mortgage as RESPA defines that term.

The Court previously rejected this exact claim when the Dillards' asserted it under Texas law. *See* Order of Apr. 16, 2010 at 4-5. As the Court noted then, Texas law allows a mortgage servicer to administer a deed of trust foreclosure pursuant to a power of sale without producing the original note. *Id.* at 4 n.1 (citing TEX. PROP. CODE ANN. §§ 51.002, 51.0025). That the Dillards now bring their claim under RESPA does not alter the Court's conclusion. Although RESPA does have preemptive force, *see* 12 U.S.C. § 2605(h), the Dillards point to no authority, and the Court has found none, suggesting that RESPA's

---

[2]The Dillards requested these and other documents in a letter "constitut[ing] [their] Demand to Cease and Desist Collection Activities prior to Validation [sic]." Pls.' Original Pet. Ex. B. The other requested documents and information do not clearly implicate "servicing" under RESPA. And, in any case, the amended complaint seeks specifically only documents and information outside of RESPA's scope.

qualified written request provision extends to a borrower's demand that a mortgagee or mortgage servicer produce original deeds and notes. Accordingly, the Court dismisses the Dillards' RESPA-related claims.

## CONCLUSION

All of the Dillards' claims fail either because they insufficiently state claims for relief or because the relevant statutory provisions provide no private right of action. To the extent that the complaint states claims under Texas law or for declaratory or injunctive relief,[3] the Court previously dismissed or denied those claims. *See* Order of June 14, 2010 (denying the Dillards' request for injunctive relief); Order of Apr. 16, 2010 (dismissing the Dillards' original complaint asserting claims under Texas law). Because this is the second time it has found that the Dillards fail to state sufficiently any claims asserted in their complaint, the Court grants the Defendants' motion to dismiss with prejudice.

Signed December 16, 2010.

_____
David C. Godbey
United States District Judge

---

[3] In its introduction and prayer for relief, the amended complaint references the state law provisions under which the Dillards brought their original complaint. First Am. Compl. at 1, 18-19.